IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AMY RICHARDSON                                                    PLAINTIFF

    V.                          NO.  2:10-CV-02142

BOONEVILLE SCHOOL DISTRICT,
JOHN K. PARRISH and
GLYNDA McCONNELL                                               DEFENDANTS

## O R D E R

Before the court is the Defendants Motion to Dismiss (See **ECF No. 8 & 17**) filed

October12, 2010 and renewed November 12, 2010.  The Plaintiff filed her initial Response (See

**ECF No. 12**) on October 25, 2010 and Supplemental Response (See **ECF No. 20**) on November

24, 2010.  The Defendants filed their Reply (See **ECF No. 22**) on November 29, 2010.  A

hearing on the Motion was held on  January 22, 2011 and the court finds that the Motion should

be GRANTED in Part and DENIED in Part.

### Background:

The Plaintiff, a nonprobationary employee, was employed by the Booneville School

District. (ECF No. 11, ¶ 8). Superintendent Parrish notified the Plaintiff on July 24, 2008 that her

employment was suspended (Id., ¶9) and that he was recommending the termination of her

contract because Plaintiff allegedly used a relationship with the past superintendent to intimidate

staff, used a school supplied phone for personal benefit and her relationship with the past

Superintendent decrease staff morale and destroyed Plaintiffs effectiveness with the staff of the

Booneville School District. (Id., ¶ 10).  A hearing was conducted by the Booneville School Board

which subsequently approved the recommendation  to terminate the Plaintiff.

-1-

In accordance with the Teacher Fair Dismissal Act, ACA §6-17-1510. The Plaintiff appealed her termination to the Circuit Court within seventy-five (75) days as provided in this statute. Subsequently, the Plaintiff filed her Motion for Dismissal Without Prejudice which the Circuit Court approved.

The Plaintiff filed her complaint (***ECF No. 1***) on September 23, 2010 alleging Denial of Due Process (Id., ¶¶ 17-23), Constitutional Depravation (Id., ¶¶ 24-29) and Termination Based Upon Fraud and Slander (Id., ¶¶ 30-33).

The Defendant filed a Motion to Dismiss (***ECF No. 8***) alleging that (A) the complaint failed to state a claim under Federal Rule of Civil Procedure 12(b)6); (B) that the Plaintiff waived her claim under Ark. Code § 6-17-1510(e) by abandoning her appeal in Circuit Court; that the Plaintiff's claims against Defendants John Parrish and Glynda McConnell do not state a claim under 42 U.S.C. § 1983 and (D) that the Plaintiff's Complaint for Fraud and Slander did not meet the standard required under Federal Rule of Civil Procedure 9(b).

The Plaintiff filed an Amended Complaint (*ECF No. 11*) on October 26, 2010 alleging Denial of Due Process (Id., ¶¶ 24-30), Constitutional Depravation (Id., ¶¶ 31-36) and Termination Based Upon Fraud and Slander (Id., ¶¶ 37-40).  On November 12, 2010 the Defendants filed a Second Motion to Dismiss (**ECF No. 17**) incorporating the Motion to Dismiss (ECF No. 8) filed on October 12, 2010.

**Discussion:**

The Defendants first contend that the Plaintiff's pleading is deficient pursuant to the Supreme Court's rulings in *Bell Atlantic Corportation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

**A.  Failure to state a claim under Federal Rule of Civil Procedure 12(b)6)**

The 8th Circuit held that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Twombly and Iqbal did not abrogate the notice pleading standard of Rule 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949; see *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A pleading that merely pleads "labels and conclusions," or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of factual enhancement will not suffice. Id., quoting Twombly. Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. *Hamilton v. Palm*  621 F.3d 816, 817 -818 (C.A.8 (Mo.),2010).

The Defendant has asserted that the following allegations in the Plaintiff's complaint constitute conclusions and are not allowed under Rule 8(a)(2).

Plaintiff was provided with the results of the investigation but all of the names of the individuals interviewed or providing information were redacted therefore Plaintiff was denied clear and actual notice in sufficient detail to enable her to present evidence or the specific nature and factual basis for the charges at the scheduled September 24, 2008 hearing ("September Hearing).  ECF No. 11, ¶ 12.  The claim is certainly factually based concerning the names of the

individuals makings claims against the Plaintiff being redacted from the report.  As to whether she was denied "clear and actual notice" is a conclusion on the part of the Plaintiff.  The Defendants represented in the hearing that the record of the proceeding before the Booneville School Board shows that the Plaintiff was aware of the names of the people making allegations but the record of the hearing is not before the court.

The investigation organized by Booneville and presented to the Board at the September Hearing was further biased in that Plaintiff was consistently and continually referred to as "Target Richardson," in addition to a large part of the resulting written report based on rumors. ECF No. 11, ¶ 13.  Whether the report was biased is a conclusion but a factual allegation is made that the report referred to the Plaintiff as a "target" and that the report was based on rumors.

The September Hearing was held before a biased decision maker in that it was the same Board that hired Parrish for the purpose of terminating Plaintiff's employment. ECF No. 11, ¶ 15. This statement is completely conclusory

Defendant McConnell instructed Defendant Parrish that it was her personal desire that Plaintiff's employment be terminated. ECF No.11, ¶20 This does not appear conclusory to the court.  It is a factual allegation that may or may not be true.

Defendant Parrish regularly and consistently discussed with third parties that he obtained his position as Superintendent in exchange for promising to fire the Plaintiff, in addition to the principal.  ECF No. 11, ¶19.  This does not appear conclusory to the court.  It is a factual allegation that may or may not be true but it is sufficient to support the Plaintiff's claim.

Defendant McConnell, while in her positions as President of the Booneville School Board, slandered Plaintiff in interfering with Plaintiff's loan application at a local bank. Id., ¶21.

-4-

This paragraph is strictly conclusory on the part of the Plaintiff and will not support a claim of fraud or defamation.

The Defendants next contend that the Plaintiff's claims are barred because she failed to pursue her appeal of the Board's decision in state court.

**B. Waiver of Claims Contention:**

**1. State Claim:**

The Defendants contend that the Plaintiff waived her claim under Ark. Code § 6-17-1510(e) by abandoning her appeal in the Franklin County Circuit Court.

The Arkansas statute provides that the "exclusive remedy for any nonprobationary teacher aggrieved by the decision made by the board of directors shall be an appeal therefrom to the circuit court of the county in which the school district is located." Ark. Code Ann. § 6-17-1510(d).

The Plaintiff appealed her case to the circuit court but subsequently took a voluntary non-suit in the Arkansas Circuit Court and then filed the present action. The Arkansas Rules of Civil Procedure state that "an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. Although such a dismissal is a matter of right, it is effective only upon entry of a court order dismissing the action." Arkansas Rules of Civil Procedure (ARCP), Rule 41.

It also appears that the Arkansas Supreme Court has addressed the issue of whether a re-file of a case after a voluntary non suit is prohibited. The court has held that "We are unwilling to say that, just because § 6-17-1510(d) refers to a nonprobationary teacher's exclusive judicial remedy as an "appeal" to circuit court, it becomes a special proceeding. Using the terminology of

-5-

Rule 81(a), we hold that the right being pursued by Ms. Sosebee was not created by the Teacher Fair Dismissal Act." *Sosebee v. County Line School Dist.* 320 Ark. 412, 418, 897 S.W.2d 556, 560 (Ark.,1995).

Justice Brown, in writing his dissent in the Sosebee case stated that the "majority's opinion would have it that a notice of appeal from school board action is an original civil action commenced in circuit court for breach of contract." (Id., p. 420).

The majority opinion was followed by the Arkansas Court of Appeals which stated that "[a]n action brought pursuant to the Fair Dismissal Act is both a civil action and "a claim for 'labor or services' " within the meaning of Ark.Code Ann. § 16-22-308, the general statute authorizing attorney's fees. *Hall v. Kingsland School Dist.* 56 Ark.App. 110, 112, 938 S.W.2d 571, 572 (Ark.App.,1997)

The Defendants contend that the case of *Krentz v. Robertson Fire Protection*, 228 F3d 897 supports their proposition that the Plaintiff waived her claim under Ark. Code § 6-17-1510(e) by abandoning her appeal in Circuit Court.

In the Krentz case a former fire chief brought action against fire protection district alleging procedural due process violations and breach of employment contract in connection with his termination. The court held inter alia that the fire chief waived his procedural due process claim when he failed to seek contested case hearing under Missouri Administrative Procedure Act (MAPA);

The court, however, believes that the Krentz case is distinguishable from the facts in the current case because the Missouri administrative appeals procedure was substantially different than what is provided in Arkansas and the ultimate judicial appeal would be a hearing de novo.

The court stated in the Krentz case that the "MAPA's 'contested case' provisions contemplate extensive proceedings. See Mo.Rev.Stat. § 536.070. A party to a contested case may call and examine witnesses under oath, introduce documents and exhibits, file supporting affidavits, and object to the introduction of evidence. See id. § 536.070(1)-(3), (5)-(12). The agency must record all proceedings and make transcripts available upon request. See id. § 536.070(4). " *Krentz v. Robertson* 228 F.3d 897, 904 (C.A.8 (Mo.), 2000).

The Defendants contend that the Franklin County Circuit judge entered an order allowing the Plaintiff to call witnesses and cross examine witness but that order is not before the court. Even so, if the Plaintiff was unaware of the names of the witnesses against her the court fails to see how she could call them for any hearing in Circuit Court.

The Plaintiff took a voluntary non suit of the claim she filed in the Franklin County Circuit court and had the right to re-file that claim within one year which she did.

**2.  Federal Claim**

Generally a federal court must abstain from exercising jurisdiction over an action under Section 1983 when plaintiff has failed to exhaust remedies in state administrative proceedings which are coercive in nature. See, e.g., *Moore v. City of Asheville*, 396 F.3d 385, 394 (4th Cir.2005) ( Younger bars federal intervention into coercive state proceedings); *Maymo-Melendez v. Alvarez-Ramirez,* 364 F.3d 27, 31 (1st Cir.2004) ( Younger extended to coercive civil cases and state administrative proceedings); *Majors v. Engelbrecht*, 149 F.3d 709, 712 (7th Cir.1998) ( Younger applies to coercive, as opposed to remedial or legislative administrative actions); *Planned Parenthood of Greater Iowa, Inc. v. Atchison*, 126 F.3d 1042, 1047 (8th Cir.1997) ( Younger exhaustion appropriate in Section 1983 action where state administrative action

coercive); *O'Neill v. City of Philadelphia*, 32 F.3d 785, 791 n. 13 (3d Cir.1994) (remedial or coercive nature of administrative action is "critical distinction").

Conversely, abstention is not required when the ongoing state administrative proceedings are remedial. *Brown v. Day,* 477 F.Supp.2d 1110, 1115 (D.Kan.,2007)

The Court therefore addresses whether plaintiff's state administrative proceeding was coercive or remedial in nature.

The statute provides in pertinent part that "[A]dditional testimony and evidence may be introduced on appeal to show facts and circumstances showing that the termination or nonrenuewal was lawful or unlawful. A.C.A. § 6-17-1510(d).

In this case the administrative proceeding is clearly remedial and designed to correct the evidentiary record at the predetermination hearing. The hearing is not a hearing de novo but only an opportunity to present additional evidence.  The Plaintiff had the right to pursue the 1983 action even though she took a voluntary non suit in the state circuit court.

## C.  Due Process.

The law is clear that Plaintiff was entitled to procedural due process before the state could deprive her of her contractual right. *See Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Cooley v. Board of Education of Forrest City School District*, 453 F.2d 282, 286-287 (8th Cir. 1972). Nevertheless '(a) fundamental requirement of due process is the opportunity to be heard, 'at a meaningful time and in a meaningful manner.'' *Ahern v. Board of Education of School District of Grand Island,* 456 F.2d 399, 403 (8th Cir. 1972); *Wagner v. Little Rock School Dist*.  373 F.Supp. 876, 881 (D.C.Ark. 1974).

An essential principle of due process is that a deprivation of life, liberty, or property "be

preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950).

The Defendants cite *Cleveland Board of Education v. Loudermill* in support of the proposition that "the pretermination "hearing," though necessary, need not be elaborate." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 545, 105 S.Ct. 1487, 1495 (U.S.Ohio,1985)

In 1979 the Cleveland Board of Education hired respondent James Loudermill as a security guard. On his job application, Loudermill stated that he had never been convicted of a felony. Eleven months later, as part of a routine examination of his employment records, the Board discovered that in fact Loudermill had been convicted of grand larceny in 1968. By letter dated November 3, 1980, the Board's Business Manager informed Loudermill that he had been dismissed because of his dishonesty in filling out the employment application. Loudermill was not afforded an opportunity to respond to the charge of dishonesty or to challenge his dismissal.

The Supreme Court Held that all the process that is due is provided by a pretermination opportunity to respond, coupled with post-termination administrative procedures as provided by the Ohio statute. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 547-548, 105 S.Ct. 1487, 1496 (U.S.Ohio,1985).

As Judge Morris Sheppard Arnold Stated in *Casada v Booneville School District*, "[T]his does not, however, end the matter, for the result in Loudermill depended on the availability there of post-termination hearings before a Civil Service Commission that would review the matter *de novo*. It is true that under ATFDA plaintiff has the right to appeal "to the circuit court of the county in which the school district is located"; and the Act further provides that "[a]dditional testimony and evidence may be introduced on appeal to show facts and circumstances showing

that the termination or renewal was lawful or unlawful." Ark.Code Ann. § 6-17-1510(d). It is not altogether clear to the court what "lawful or unlawful" means as a standard of review. It may mean that the circuit court may reverse only if the board's decision was arbitrary or capricious. *See Kirtley v. Dardanelle Public Schools*, 288 Ark. 86, 702 S.W.2d 25 (1986). But whatever it means, it seems reasonably certain that the hearing in the circuit court will not be a de novo review on the merits of the school board's decision with respect to plaintiff's termination. That, this court believes, is a necessary predicate to an application of the principles announced in Loudermill.

That being so, this case must be decided by resorting to principles to be found elsewhere. In *Brouillette v. Board of Directors of Merged Area IX*, 519 F.2d 126, 128 (8th Cir.1975), the court held that a public employee is entitled "to the minimal requirements of fair play" before being terminated, and that those requirements are:

> (1) [C]lear and actual notice of the reasons for termination in sufficient detail to enable him or her to present evidence relating to them;
>
> (2) [N]otice of both the names of those who have made allegations against the teacher and the specific nature and factual basis for the charges;
>
> (3) [A] reasonable time and opportunity to present testimony in his or her own defense; and
>
> (4) [A] hearing before an impartial board or tribunal.

It is plain on this record that the plaintiff was denied element number two in this list and probably element number one as well. In addition, the Eighth Circuit has held in a public employee discharge case that "[i]t is fundamental to a full and fair review required by the due process clause that a litigant have an opportunity to be confronted with all adverse evidence and

to have the right to cross-examine available witnesses." *Nevels v. Hanlon*, 656 F.2d 372, 376 (8th Cir.1981). In our case, although plaintiff was confronted with the witnesses against him he was denied the right to cross-examination." *Casada v. Booneville School Dist. No. 65,* 686 F.Supp. 730, 732 -733 (W.D.Ark.,1988).

This case is very similar to the Casada case because the school district (the very same school district) refused to divulge the names of any witness that gave an incriminating statement against the Plaintiff. The Plaintiff also contends the Notice was insufficient and that the Board was not impartial.  In this particular case the act of "judicial review" as provided in the statute will have no curative effect.  Arkansas does not provide for a de novo review.

Judge Arnold's decision is well reasoned and seems to provide good guidance to the court.  The Plaintiff's complaint, while containing conclusory allegations, is not so devoid of factual allegation as to support the Defendant's Motion to Dismiss as to the 1983 claim or the Denial of Due Process under Ark. Code Ann. § 6-17-1501 et seq.

D.  Fraud and Slander

The elements of fraud are (1) a false representation of a material fact, (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation, (3) intent to induce action or inaction in reliance upon the representation, (4) justifiable reliance on the representation, and (5) damage suffered as a result of the reliance. *Gorman v. Gilliam*, 2010 Ark.App., 2010 WL 475277;  *Wochos v. Woolverton,* 2010 WL 4870095, (Ark.App.,2010).

The following elements must be proved to support a claim of defamation, whether it be by the spoken word (slander) or the written word (libel): (1) the defamatory nature of the

statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages. *Dodson v. Allstate Ins. Co.* 365 Ark. 458, 231 S.W.3d 711 (Ark.,2006)

Defamation, for example, requires that the defendants make specific slanderous or libelous publication directly against Plaintiff in order for those statements to be actionable. Dodson v. Allstate Ins. Co. 345 Ark. 430, 446, 47 S.W.3d 866, 876 (Ark.,2001)

The only paragraph that pertains to slander is paragraph 21 which states that "[D]efendant McConnell, while in her positions as President of the Booneville School Board, slandered Plaintiff in interfering with Plaintiff's loan application at a local bank" and paragraph 22 which alleged that [P]laintiff was discussing financing with a bank loan officer when Defendant McConnell entered the bank, requested a conversation with the bank loan officer, who then returned and summarily rejected the Plaintiff's loan application." ECF No. 11, ¶¶ 21-22.

The allegations made by the Plaintiff as to Fraud and Slander are completely conclusory and do not support her claim. There has been no pleading as to what false representation of a material fact has been made, who made the statement or when it was made or that anyone acted upon reliance of the statement and failure to plead specific fact is grounds for dismissal. *Faulkner v. Arkansas Children's Hosp.,* 347 Ark. 941, 957, 69 S.W.3d 393, 403 (Ark.,2002).

**Conclusion:**

The Defendant's Motion to Dismiss (See ECF No. 8 & 17) is GRANTED in PART and DENIED in PART as follows:

The Motion to Dismiss as to the Claim of Denial of Due Process under Ark. Code Ann. § 6-17-15001 et seq is **DENIED;**

-12-

The Defendant's Motion to Dismiss as to the claim of Constitutional Deprivation under 42 U.S.C. § 1983 is **DENIED;**

The Defendant's Motion to Dismiss as to the Claim of Termination Based upon Fraud and Slander is **GRANTED.**

It is so ORDERED this 21st day of January 2011.

/s/ J. Marschewski

James R. Marschewski
Chief United States Magistrate Judge

-13-